Swing, J.
This action is brought on the relation of Wentzell in the name of the state, under sections beginning with No. 6760, of the Revised Statutes, which provide for proceedings in quo warranto.
The allegations of plaintiff’s petition in substance are, that the defendants unlawfully usurp, hold and exercise the office of directors of the extension of the Lower River Road Turnpike Company.; that said defendants were not legally elected to said office, but on the contrary, that he, the relator, was-elected a director of said company, and thereupon he sets out the number of shares voted and the manner in which they were‘voted at the last election for directors of said company. The plaintiff bases his case on the claim, that section 3245, of the Revised Statutes, provides for what is known as cumulative voting. The section referred to is as follows: “ At the time and place appointed, directors shall be chosen by ballot by the *266 stockholders who attend for that purpose, either in person or by lawful proxies; each share shall entitle the owner to as many votes as there are directors to be elected.” Shortly after the case was argued, the Law Bulletin contained a note saying that this question had been passed upon by the judges of the seventh circuit, and that the opinion would be published. It is now published and will be found in the Law Bulletin, Vol. XIV., p. 157 Circuit Court Reports. In this opinion the court hold that this sectiop does not authorize cumulative voting, and further, that if it did, it would only apply to the first election of directors.
H. C. Secrist, for plaintiff.
Logan & Slattery, for defendant.
This case is, so far as we know, the only case in Ohio in which this section has been construed. Without going into a consideration oí the question as to the correctness of this decision, we may say, that while, as to some of the court, we are not without doubt as to the correctness of this decision, as to the section conferring cumulative voting, still we think that we should follow it, and in doing so desire to say, that we think that unless it clearly appears to the court that the decision is wrong, that it should be followed.
One of the reasons that operated strongly to bring the circuit court into existence, was to provide a uniform administration of the law throughout the state, in this intermediate court. The constitution provides that such judge shall be competent to exercise his judicial power in any circuit, and section 451, of the Revised Statutes, provides, that a majority of said judges may make and publish uniform rules of practice for all the circuits. These provisions clearly show, as far as they go, that a uniform administration of the laws by this court is-intended.
And while these decisions should not have the binding authority on the other circuits that a decision of our supreme-court has, still they should have an authority beyond those decisions which are authority merely in proportion to the weight of the reason that they contain, and especially should this be true as to a construction of our statutes. As to this part of the case, we therefore follow this decision. The petition will, therefore, be dismissed.